UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED JUN 16 2014 PRO SE OFFICE

UNITED STATES OF AMERICA

V.  No. 10-CR-00771(NG) ORIGINAL

IRINA SHELIKHOVA

MOTION FOR INDICATIVE RULING ON A MOTION FOR RELIEF
THAT IS BARRED BY A PENDING APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Irina Shelikhova, Defendant, pro se, in the above referenced case, filing this Motion in accordance with Fed. R. Crim. P., Rule 37(a)(3) and/or Fed. R. Civil. P., Rule 60(a). In support the Defendant presents the following:

## BACKGROUND OF THE CASE

The Defendant entered a plea of guilty to one count of conspiracy to commit money laundering, 18 USC § 1956(h) on December 18, 2012. The Defendant was subsequently sentenced by the Court to a term of imprisonment of 15 years. The Defendant filed a Notice of Appeal, which is pending. Counsel for the Defendant, on appeal, has filed an Anders brief alleging there are no non-frivolous errors in the case.

## JURISDICTION

In accordance with FRCP, Rule 37(a)(3) and FRCVP, Rule 60(a), this Court has jurisdiction to consider this Motion

-1-

and "...state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Rule 37.

The Court may grant relief under Rule 60(a), to correct an error in the plea hearing which is a clear oversight and/or omission, "...wherever one is found in a judgment, order, or other part of the record." Id.

## SPECIFIC ERRORS IN THE RECORD AND JUDGMENT

The Defendant unknowingly entered a plea of guilty to Section 1956(h), conspiracy to commit money laundering, a federal offense which requires that three elements be met to support the guilty plea. The Government must offer proof that the defendant unlawfully conducted a financial transaction with proceeds known to come from unlawful activity, that the transaction affected interstate commerce, and that the defendant had an intent to conceal the nature of the property.

The Second Circuit has "adopted a standard of strict adherence to Rule 11." United States v. Lora, 895 F.2d 878, 880 (2nd Cir. 1990). Therefore, the appellate court will "examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights has been compromised." United States v. Maher, 108 F.3d 1513, 1520 (2nd Cir. 1997).

Starting with the most obvious omission, the concealment element of the offense was not met. A review of the "Transcript for Criminal Cause for Pleading" December 18, 2014, page 26, lines 6-25 and page 27, lines 1-9, prove that the conceal-

-2-

ment element was not met.

AUSA Shannon Jones makes a generalized statement that "The transactions were basically to conceal the nature of the transactions. The fact that they wanted to hide that they were making these transactions and they would pay companies, shell companies, in return, pretending like they were receiving services and instead were actually received cash back." Page 26 and 27. The Court then said that she needed to hear this from the Defendant. The Defendant never agreed to the statements made by the Government. In fact, AUSA Jones went further, misstating the actual offense, when she said, "I think the fact that she allocuted that the transactions were basically to hide the fact that they were getting cash kickbacks." Page 27, lines 6-7.

The Defendant never admitted to receiving "kickbacks." The Defendant allegedly wrote checks to pay kickbacks. It should be further noted that the shell companies AUSA Jones spoke of were not "shell" companies and the owners of those companies were found not guilty by a jury. Therefore, based on the record before the Court at the time of the plea, the Defendant admitted to writing checks, which others cashed to pay kickbacks to patients at the clinics. The Defendant never agreed that she intended to conceal the nature of the transaction. Therefore, the record lacks a sufficient factual basis to conclude that the Defendant participated in any conspiracy with the requisite knowledge of the concealment element of the crime charged, as interpreted by the Supreme

-3-

Court in Cuellar v. United States, 553 U.S. 550, 128 S. Ct. 1994 (2008).

There is a reasonable probablility that but for this error in the plea allocution, the Defendant would not have entered the plea. There was actual confusion about the critical concealment element of the offense and the fact that the Defendant lacks comprehension of the English language, further complicated the proceeding.

First, it is clear that defense counsel was willing to concede to anything. The Court properly stated that she needed to hear the Defendant state what she did, so that the Court could be sure that the Defendant understood the charges she was pleading guilty to. The Defendant did not understand the essence of the charges that her attorney told her to plead guilty to in this case.

There is nothing in the record or in the Defendant's allocution which supports a factual basis for a finding of a violation of the money laundering statute. The purpose of the transactions was simply to pay patients a kickback. This case is similar to United States v. Garcia, 587 F.3d 509 (2nd Cir. 2009), where the defendant plead guilty to transporting drug money, but there was no intent to conceal anything about the money. "In context of 18 USC § 1956, the concealment element of the money laundering statute requires that the purpose, not merely the effect, of the endeavor must be to conceal or disguise a listed attribute of the proceeds." How the patients were paid, is distinct from why the checks were written. There is sufficient evidence to support the payment of kickbacks to patients, but there is no evidence to

-4-

support a causal link of concealment of the money used to make the payments. If anything, the writing of numerous checks was a clear record of the payments to patients, rather than concealing it.

To a lesser extent, the interstate commerce element was not met during the plea hearing. Again, defense counsel conceded to this element, but the Court was still bound by Rule 11 to ensure the validity of the plea. All of the checks to pay the kickbacks were written in Brooklyn and cashed in Brooklyn. The indictment tracks the language of the statute but there is no evidence in the record that interstate commerce was affected by the checks written and cashed.

A guilty plea is valid if "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading." United States v. Maher, 108 F.3d 1513, 1524 (2nd Cir. 1997). In addition to the defendant's allocution, the court may rely on any facts on the record at the time of the plea proceeding to assess the validity of the plea. United States v. Andrades, 169 F.3d 131 (2nd Cir. 1999). There is no evidence in the record that proves or supports the interstate commerce element.

When the Defendant entered her plea of guilty, she waived her right to appeal and non-jurisdictional defects. However, an adequate factual basis for a plea of guilty is a jurisdictional requirement and a non-waivable defect. The Defendant would further argue that her plea was not valid, in light of her language barrier. Please note that during the hearing, the Defendant stated that the Indictment had not been

-5-

read to her in her native language, Russian. Page 8, lines 13-25. For example, the Defendant was not told she would be held liable for an intended loss of $77 million.

## REQUESTED RELIEF

The Defendant respectfully request that the Court certify to the Second Circuit Court of Appeals, in accordance with Rule 37, that there is a Rule 11 error and if remanded the motion would be granted--vacating the judgment entered on November 12, 2013.

Respectfully Submitted,

Irina Shelikhova, Defendant
June 11, 2014

## CERTIFICATE OF SERVICE

A copy of the same has been sent by U.S. Mail, on the same day, to:

Shannon Jones, AUSA
271 Cadman Plaza East
Brooklyn, NY 11201

Irina Shelikhova



Irina Shelkhova
81448-053
Federal Correctional
Institution
501 Capital Circle NE
Tallahassee, FL 32301

U.S. District Clerk
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201





RECEIVED
JUN 16 2014
PRO SE OFFICE