ORIGINAL

F.#2010R01379

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

IRINA SHELIKHOVA,

                Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

10 CR 771 (S-1)(NG)

       Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York; the United States Department of Justice, Criminal Division, Fraud Section; (collectively the "Office") and IRINA SHELIKHOVA (the "defendant"), agree to the following:

       1.    The defendant will plead guilty to count four of the above-captioned superseding indictment, which charges the defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). This count carries the following statutory penalties:

         a.    Maximum term of imprisonment: 20 years (18 U.S.C. §§ 1956(a), (h)).

         b.    Minimum term of imprisonment: 0 years (18 U.S.C. §§ 1956(a), (h)).

         c.    Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or



        time previously served on post-release supervision
(18 U.S.C. §§ 3583(b), (e)).

d. Maximum fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater
(18 U.S.C. § 1956(a)(1)(B)).

e. Restitution: the defendant agrees to pay restitution to the United States in the amount of $50,943,386, which is the amount fraudulently obtained from Medicare pursuant to the health care fraud conspiracy charged in count one of the superseding indictment
(18 U.S.C. §§ 3663, 3663A).

f. $100 special assessment
(18 U.S.C. § 3013).

g. Criminal forfeiture: as set forth in paragraphs 7 through 14 below
(18 U.S.C. §§ 982(a)(1) and 982(b)).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions, as well as other factors enumerated in 18 U.S.C. § 3553(a), to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 40, which is predicated on the following

Guidelines calculation:

| | |
|---|---:|
| Base Offense Level (§ 2S1.1(a)(1) and § 2B1.1(a)(1)) | 6 |
| Plus: Loss of more than $50 million and less than $100 million (§ 2B1.1(b)(1)(M)) | +24 |
| Plus: Sophisticated Means (2B1.1(b)(10)(c)) | +2 |
| Plus: Conviction under 18 U.S.C. § 1956 (§ 2S1.1(b)(2)(B)) | +2 |
| Plus: Offense involved sophisticated laundering (§ 2S1.1(b)(3)) | +2 |
| Plus: Aggravating Role (§ 3B1.1) | +4 |
| Offense Level: | 40 |

This level carries a range of imprisonment of 292 - 365 months, assuming that the defendant is in Criminal History Category I. However, because of the statutory maximum sentence in this case, the defendant's Guidelines range would be 240 months. If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 38 and a range of imprisonment of 235 - 293 months, assuming that the defendant falls within Criminal History Category I. However, because of the statutory maximum sentence in this case, the defendant's Guidelines range would be 235-240 months.

   3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court.

If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

      4.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a), she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant

understands that she may be subject to removal as set forth in paragraph 6 below. Nevertheless, the defendant affirms that she wants to plead guilty and to waive her right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

    5. The Office agrees that:

        a. no further criminal charges will be brought against the defendant for her conduct as described in the superseding indictment, 10 CR 771 (S-1), it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution, including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the superseding indictment and the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

        b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from her plea of guilty, but this Office will be released from its obligations under this agreement, including, but not limited to: (a) moving for

5

the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5 (a)-(c).

6. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

7. The defendant acknowledges that she received money and property that is subject to forfeiture as a result of her violation of 18 U.S.C. § 1956(h), as alleged in the superseding indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of thirty eight million, two hundred and forty one thousand, five hundred and forty five dollars ($38,241,545) (the "Forfeiture Money Judgment"), pursuant to 18

U.S.C. § 982(a)(1), as property, real or personal, that was involved in, or traceable to, a violation of 18 U.S.C. § 1956(h), and/or pursuant to 18 U.S.C. § 982(b), as substitute assets. All payments made by the defendant towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "United States Marshals Service." The defendant shall cause said checks to be sent by overnight mail to Assistant United States Attorney Laura Mantell, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.

8.  In addition to the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(b), the defendant consents to the forfeiture of the following assets and all proceeds traceable thereto (the "Forfeited Assets") which, if forfeited, shall not be credited towards the Forfeiture Money Judgment: (a) approximately $526,229.96 seized from TD Bank Account No. 4245835545, held in the name of SZS Medical Care PLLC; (b) approximately $2,073,530.01 seized from Bank of America Account No. 483027813428, held in the name of SZS Medical Care PLLC; (c) approximately $1,350,811.75 formerly on deposit in JPMorgan Chase Account No. 793100249, held in the name of Elena Girenko, of which $727,000 was seized and the balance was used to secure co-defendant Elena Girenko's bail; (d) approximately $16,960.32 seized from

JPMorgan Chase Account No. 798506416, held in the name of Elena Girenko and Aleksandr Spektor; (e) approximately $232,320 seized from TD Bank Account No. 4248689907, held in the name of Irina Shelikhova; (f) approximately $24,048.88 seized from TD Bank Account No. 7924571842, held in the name of Jonathan Wahl and/or Wahl Medical PC; (g) approximately $1,344,375.33 seized from National Government Services that would have otherwise been paid to SZS Medical Care PLLC; (h) approximately $41,000 in U.S. currency seized from 8686 Bay Parkway, Brooklyn, New York on or about July 16, 2010; (i) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 67 Nicolosi Loop, Staten Island, New York; (j) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 8686 Bay Parkway, Apt. 2C, Brooklyn, New York; (k) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 220 Tennyson Drive, Staten Island, New York; (l) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 480 Tennyson Drive, Staten Island, New York; (m) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 3149 Emmons Avenue, Unit R1, Brooklyn, New York; (n) any

and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 3149 Emmons Avenue, Unit R2, Brooklyn, New York; (o) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 3149 Emmons Avenue, Commercial Unit, Brooklyn, New York; (p) any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 360 East Madison Avenue, Cresskill, New Jersey 07626; and (q) one 2008 Bentley Continental GTC Speed VIN No. SCBCP73W68C055745.

9. The defendant agrees that the amount of the Forfeiture Money Judgment and the Forfeited Assets constitute property involved in, or traceable to, her violation of 18 U.S.C. § 1956(h), and/or constitute substitute assets, and thus are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(1) and 982(b). The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment and forfeiting the Forfeited Assets.

10. The defendant agrees to fully assist the Government in effectuating the payment of the Forfeiture Money Judgment and the surrender and forfeiture of the Forfeited Assets, including but not limited to coordinating with the U.S. Marshals

Service with respect to the surrender of real properties constituting the Forfeited Assets. The defendant agrees to execute further documents, to the extent necessary, to sell the Forfeited Assets and pay any liens and mortgages. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets, or to any property against which the Government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding. Further, in the event a third party files a claim to the Forfeited Assets or to property against which the Government seeks to execute the Forfeiture Money Judgment, the defendant agrees to assist the Government in defending such claim by, among other things, providing information, documents and testimony as requested by the Government.

11. The defendant represents that she will disclose to the Probation Department, in preparation of the Presentence Investigation Report, all assets in which she holds an interest on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement"). The defendant agrees that a failure to disclose assets on the Financial Statement and to inform the Government in writing of any material changes up until the time of sentencing, constitutes a material breach of this agreement. The defendant consents to the forfeiture to the United States of all assets in

which she has an interest, but fails to disclose to the Probation Department, if any, as assets that constitute property involved in the defendant's violation of 18 U.S.C. § 1956(h). Upon such a breach, the defendant will not be entitled to withdraw her plea, but the Office may bring additional criminal charges against the defendant. If the government discovers that the defendant owns or holds an interest in any property that the defendant has an obligation to disclose, but failed to do so before sentencing, defendant agrees to the summary forfeiture of such property or interest. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States as property involved in her violation of 18 U.S.C. § 1956(h), pursuant to 18 U.S.C. § 982(a)(1) and/or are substitute assets pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p). The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets.

12. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional

criminal charges against the defendant. The Office may also execute the Forfeiture Money Judgment against any other assets of the defendant, up to the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

13. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

14. The defendant agrees that the Forfeiture Money Judgment and the forfeiture of the Forfeited Assets are not to be considered a fine or a payment on any income taxes that may be due.

15. The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government,

12

including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

16. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

17. No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all

prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         Dec. 18, 2012

                                        LORETTA E. LYNCH
                                        United States Attorney
                                        Eastern District of New York

                              By:       _____
                                        Shannon Jones
                                        Assistant U.S. Attorney

                                        Sarah M. Hall
                                        Trial Attorney

                              Approved by:

                                        _____
                                        Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
IRINA SHELIKHOVA
Defendant

Approved by:

_____
Michael Rosen, Esq.
Counsel to Defendant

Translated by:

_____
Isabelle Avrutin

14