<pre>
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------------x
     UNITED STATES OF AMERICA,
 3
                          Plaintiff,        Docket No.:
 4                                          10 CR 771

           versus
 5                                          U.S. Courthouse
     IRINA SHELIKHOVA,                      225 Cadman Plaza East
 6                                          Brooklyn, NY 11201

                          Defendant.
 7   ------------------------------------x
                                            December 18, 2012
 8                                          2:00 p.m.

 9          Transcript of Criminal Cause for Pleading

10   Before:   HONORABLE NINA GERSHON,
                          District Court Senior Judge
11

12                       APPEARANCES

13   For the Government:        LORETTA E. LYNCH, ESQ.
                                United States Attorney
14                              Eastern District of New York
                                271 Cadman Plaza East
15                              Brooklyn, New York 11201
                                BY:  SHANNON JONES, ESQ.,
16                                   SARAH M. HALL, ESQ.,
                                     WILLIAM CAMPOS, ESQ.
17                                   Assistant U.S. Attorneys

18   For the Defendant:         MICHAEL ROSEN, ESQ.
                                61 Broadway, Suite 1105
19                              New York, New York 10006

20                              ROBERT BONDAR, ESQ.

21   Also Present:              ISABELLA AVRUTIN,
                                   Russian interpreter
22
     Court Reporter:            MICHELE NARDONE, CSR, RPR, CRR
23                              Official Court Reporter
                                Email:  Mishrpr@aol.com
24
     Proceedings recorded by mechanical stenography.  Transcript
25   produced by computer-aided transcription.
</pre>

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1          (In open court.)

2          (Defendant present.)

3          (Through the interpreter.)

4          THE CLERK:  All rise.  Criminal cause for pleading,

5    United States versus Irina Shelikhova.

6          Can I have your appearances, please.

7          (Pause.)

8          THE CLERK:  Can I have your appearances, please.

9          MS. JONES:  Shannon Jones, Sarah Hall, and William

10   Campos for the United States.  Good afternoon, your Honor.

11         MR. ROSEN:  Good afternoon, your Honor.  Michael Rosen

12   for Mrs. Shelikhova.

13         With me is Robert Bondar, an attorney admitted in this

14   district, the Southern District, and has been really helping me

15   out with Russian because he is fluent, as well as the official

16   court reporter (sic) that has been with us during the day

17   today.

18         MR. BONDAR:  Good afternoon, your Honor.

19         THE COURT:  That's B-O-N-D-E-R?

20         MR. BONDAR:  B-O-N-D-A-R, Bondar.

21         THE CLERK:  Isabella, can I have your appearance as

22   well.

23         THE INTERPRETER:  Yes.  Isabella Avrutin,

24   A-V-R-U-T-I-N, Russian.

25         THE CLERK:  Thank you.

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1        THE COURT:  You are also interpreting for Mr. Kornev?

2        THE INTERPRETER:  Kornev and Ms. Shelikhova.

3        THE COURT:  Yes.  Okay.

4        MR. ROSEN:  Your Honor, please, at this time the

5   defendant Irina Shelikhova respectfully moves to withdraw her

6   previously entered pleas of not guilty and offers to plead

7   guilty to count four of the superseding indictment.  S1 is it?

8   S1.

9        THE COURT:  And is there a plea agreement?

10       MR. ROSEN:  There is, and I just had it signed.

11       THE COURT:  When Victor returns we will have that

12  marked as Court Exhibit 1.  That's the original?

13       MR. ROSEN:  It is.

14       THE COURT:  Okay, and do you have a copy for me?

15       MR. ROSEN:  A copy for your Honor.

16       THE COURT:  If you need it, I will use the original

17  for now.

18       MR. ROSEN:  You may.  I have copies.

19       THE COURT:  Do you have extra copies?

20       MR. ROSEN:  Yes.  I have a few markings on it, but.

21       THE COURT:  No.  I don't want the markings on it.  I

22  will take the original.

23       MR. ROSEN:  Okay.

24       THE COURT:  Could we just have the signature of

25  whoever interpreted it for the defendant.

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1    All right.  Ms. Shelikhova, I understand that you are

2    prepared to enter a plea of guilty to count four of the

3    superseding indictment today.

4        I want to first advise you that I have to determine

5    whether or not your plea of guilty is voluntary and made with a

6    full understanding of the charges against you and the

7    consequences of your plea.  So in order to determine that, I'm

8    going to be asking you a lot of questions.  I'm not required to

9    accept your plea of guilty unless I'm satisfied that you are

10   guilty and that you fully understand your rights.

11       If there is anything that I ask you that you don't

12   understand, you should let me know; and I can try to be more

13   clear.

14       Are you with me so far?  Do you understand?

15       THE DEFENDANT:  Yes, I understand.

16       THE COURT:  So I'm going to put you under oath.  So

17   raise your right hand, please.

18       THE DEFENDANT:  Do I have to get up?

19       THE COURT:  No, you don't.

20       (The defendant was sworn.)

21       THE DEFENDANT:  Yes, I promise.

22       THE COURT:  And you may put your hand down.  Thank

23   you.

24       And now that you have been placed under oath, if your

25   answers to my questions are false, they can be used against you

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1   in a prosecution for perjury or false statement.

2          Do you understand that?

3          THE DEFENDANT:  Yes, I understand.

4          THE COURT:  Please state your full name for the

5   record.

6          THE DEFENDANT:  Shelikhova, Irina.

7          THE COURT:  And how old are you, please?

8          THE DEFENDANT:  Fifty.

9          THE COURT:  How much education have you had?

10          THE DEFENDANT:  I haven't graduated from college.

11          THE COURT:  Did you go to college?

12          THE DEFENDANT:  Yes.  I went to college in Ukraine,

13   not here.  Here I just took some classes.

14          THE COURT:  And how many years did you go to college

15   in the Ukraine?

16          THE DEFENDANT:  Three years.

17          THE COURT:  What did you study?

18          THE DEFENDANT:  I went to Polytech College with

19   majoring in economics.

20          THE COURT:  And here you say you took some classes.

21          What kind of classes did you take here?

22          THE DEFENDANT:  I went to an accounting school.  It's

23   called ASA.

24          THE COURT:  You did that in English or in Russian?

25          THE DEFENDANT:  English.

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1          THE COURT:  In English, so you understand some

2     English?

3          THE DEFENDANT:  I understand but not everything, and I

4     don't speak well.

5          THE COURT:  Okay.  So that's good that you have the

6     interpreter.

7          I just want to ask, Mr. Rosen, you do not speak

8     Russian, correct?

9          MR. ROSEN:  No, your Honor.

10         THE COURT:  So how have you communicated with your

11    client?

12         MR. ROSEN:  With Mr. Bondar with me, and occasionally

13    getting through English to English, and of course the official

14    court interpreter was also allowed to be with us today before

15    we came up.

16         THE COURT:  All right.  Mr. Bondar, you are fluent in

17    Russian?

18         MR. BONDAR:  Yes, I am, your Honor.

19         THE COURT:  Ms. Shelikhova, are you now or have you

20    recently been under the care of a doctor or a psychiatrist?

21         THE DEFENDANT:  Yes.  When I was in Ukraine I was

22    under doctor's observation, and here at MDC I am also under the

23    doctor's observation.

24         THE COURT:  Are you taking any medication?

25         THE DEFENDANT:  Yes, I do.

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1      THE COURT:  Do these medications affect your mind in
2  any way?

3      THE DEFENDANT:  No.

4      THE COURT:  Is your mind clear today?

5      THE DEFENDANT:  Yes.

6      THE COURT:  In the last 24 hours have you had any
7  drugs, medicine, alcohol?

8      THE DEFENDANT:  No.

9      THE COURT:  And do you understand what's going on here
10  now?

11      THE DEFENDANT:  I do.

12      THE COURT:  And how do you feel today?

13      THE DEFENDANT:  Fine.

14      THE COURT:  Mr. Rosen, do you have any doubt as to the
15  defendant's competence to enter a plea of guilty today?

16      MR. ROSEN:  I do not, your Honor.

17      THE COURT:  Ms. Shelikhova, do you feel you have had
18  enough time to discuss your case with your attorney?

19      THE DEFENDANT:  I do think so.

20      THE COURT:  And have you had enough time to make the
21  decision whether to plead guilty or not guilty?

22      THE DEFENDANT:  Well, yes, more than enough.

23      THE COURT:  Okay, and are you satisfied with Mr. Rosen
24  as your attorney?

25      THE DEFENDANT:  Yes, as of now.  Yes, I'm happy with

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1    him.

2         THE COURT:  He has a big smile on his face.  I don't

3    know whether you are referring to something in the past or

4    something you anticipate in the future.

5         THE DEFENDANT:  No.  It's a nervous laugh.

6         THE COURT:  All right, but it is very important.  I

7    just want you to affirm for me again that you have had these

8    various discussions with Mr. Rosen and that you are satisfied

9    with him as your attorney.

10        Is that correct or incorrect?

11        THE DEFENDANT:  Yes.  We discussed everything I was

12   worried about, yes.

13        THE COURT:  Okay.  And did you receive a copy of the

14   superseding indictment, which contains the charges against you,

15   and was it read to you in Russian?

16        THE DEFENDANT:  It was not read to me line by line,

17   word by word, but it was explained to me what's in it.

18        THE COURT:  Is there anything in it that you feel that

19   you didn't understand?

20        THE DEFENDANT:  Based on the explanation I was given,

21   I understand everything.

22        THE COURT:  Who made the explanation to you?

23        THE DEFENDANT:  My attorney.

24        THE COURT:  And, counsel, do you think that's

25   sufficient?

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1          MR. ROSEN:  You are asking me?

2          THE COURT:  Do you think that's sufficient?

3          MR. ROSEN:  I certainly do, your Honor.

4          THE COURT:  That you explained it rather than read it

5     to her?

6          MR. ROSEN:  Well, I read it in English, and Mr. Bondar

7     and I interpreted, to the extent that you can do some of the

8     money laundering language into Russian; and we explained it

9     rather elementary about what is or isn't the charge, and I feel

10    confident that Mrs. Shelikhova understands the charge.

11         THE COURT:  Mr. Bondar?

12         MR. BONDAR:  I agree with Mr. Rosen.

13         THE COURT:  All right.  Okay.  Then the count that you

14    are offering to plead guilty to is count four?

15         MR. ROSEN:  Yes, judge.  It's a money laundering.

16         THE COURT:  Money laundering conspiracy?

17         MR. ROSEN:  Yes, your Honor.

18         THE COURT:  What I'm going to do is ask Ms. Jones to

19    summarize that charge for you now, because I want to make sure

20    that you understand the nature of the charge that you are

21    pleading guilty to, or Ms. Hall, either one.

22         MS. HALL:  Your Honor, excuse me.  Count four of the

23    indictment is captioned "money laundering conspiracy."

24         The government alleges in the superseding indictment

25    that Ms. Shelikhova, together with others listed in the

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1   superseding indictment, knowingly and intentionally conspired

2   to conduct financial transactions which affected interstate

3   commerce.  In specifics, the transfers of funds and the making,

4   cashing, and depositing of checks.  The checks contained the

5   proceeds of the illegal -- the specified unlawful activities in

6   this case, which are healthcare fraud and a conspiracy to

7   engage in a kickback conspiracy, with knowledge that the

8   transactions represented the proceeds of the illegal

9   activities.

10          THE COURT:  Ms. Shelikhova, do you understand the

11   nature of the charge that you are offering to plead guilty to?

12          THE DEFENDANT:  Yes, I understand.

13          THE COURT:  And do you understand that a conspiracy

14   charge, which this is, would require the government, if you

15   didn't plead guilty, to prove that you did this not alone but

16   with other people with whom you agreed?  Do you understand

17   that?

18          THE DEFENDANT:  Yes, I understand that.

19          THE COURT:  And do you understand that the charge is

20   that this occurred between March 2005 and July 2010, within

21   this district, which is called the Eastern District of

22   New York?  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And specifically, as I understand it, the

25   charge is that the fraud occurred at Bay Medical and possibly

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1    other -- at other institutions as well.

2              MS. JONES:  Your Honor, there are three healthcare

3    clinics.  We argue that they were basically the same entity,

4    just under different corporate names at different periods of

5    time.

6              THE COURT:  But in any event, they include Bay

7    Medical?

8              MS. JONES:  Yes.

9              THE COURT:  Do you understand that, Ms. Shelikhova.

10             THE DEFENDANT:  Yes, I understand.

11             THE COURT:  Now, I have the original plea agreement.

12             Did you sign that today?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Okay.  And in a moment I'm going to ask

15   you to confirm that that is your signature, but first I want to

16   talk to you about the penalties that you face on this charge.

17             The maximum term of imprisonment is 20 years.  Do you

18   understand that?  Twenty years in prison, do you understand

19   that?

20             THE DEFENDANT:  Yes, I understand.

21             THE COURT:  The maximum fine is $500,000, or two times

22   the value of the property involved in the transaction,

23   whichever is greater.

24             Do you understand that?

25             THE DEFENDANT:  Yes, I understand.

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

12

USA v. Shelikhova

1          THE COURT:  There is also restitution that's required

2    in this case, and according to the agreement the defendant has

3    agreed to pay restitution to the United States in the amount of

4    $50,943,386, which is the amount fraudulently obtained from

5    Medicare pursuant to the healthcare fraud conspiracy, which is

6    charged in count one of the superseding indictment.

7          Do you understand that, Ms. Shelikhova?

8          THE DEFENDANT:  Yes, I understand.

9          THE COURT:  And do you understand that you have agreed

10   to that amount and, having done so, at the time of sentencing I

11   will impose that amount on you in an order?  Do you understand

12   that?

13         THE DEFENDANT:  Yes, I understand.

14         THE COURT:  There is also a mandatory $100 special

15   assessment, which I must impose.

16         Do you understand that?

17         THE DEFENDANT:  Yes, I understand.

18         THE COURT:  Also, there are criminal forfeitures,

19   which are set forth starting at paragraph seven.

20         Did you want to say something Mr. Rosen?

21         MR. ROSEN:  With respect to the forfeitures --

22         THE COURT:  Yes?

23         MR. ROSEN:  -- we have been over that.  I have spoken

24   to counsel for the government.  There is one property, 8686 Bay

25   Parkway, apartment 2C.  I have told Ms. Jones, and I think she

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

USA v. Shelikhova

1   is amenable to it, that if we can establish that this wasn't

2   part of this --

3           THE COURT:  What paragraph is that in?

4           MR. ROSEN:  It's the paragraph you just mentioned,

5   your Honor, paragraph eight, 8H on page 8.

6           There is an apartment that her aged, infirm mother is

7   now presently living in.  I would like an opportunity before

8   the final forfeiture to see if I can excise that piece of

9   property so that this woman can continue to live there.

10          THE COURT:  Okay, but --

11          MR. ROSEN:  I don't want to --

12          THE COURT:  Excuse me just a moment.  H simply refers

13  to currency.

14          MR. ROSEN:  I think you are right.  How about -- I got

15  it wrong.  You are right.

16          J, 886, I'm sorry, apartment 2C.

17          THE COURT:  So this is J?

18          MR. ROSEN:  J, on page 8.  It refers to this

19  particular apartment on Bay Parkway, and I want to at least

20  reserve the right not to affect the agreement going through but

21  reserve the right, if I can convince the government not to

22  include that in the final order of forfeiture.

23          THE COURT:  Well, I have a plea agreement that

24  everybody has signed, and we can amend it, if everybody agrees.

25          MS. JONES:  We don't agree, your Honor.  Mr. Rosen had

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

14

USA v. Shelikhova

1    raised this with me yesterday.  He said he wanted to carve out

2    that piece of property from the forfeited assets.  I told him

3    no.  The government would not agree to that.

4           That property was purchased in 20 -- I believe in 2008

5    during the course of the fraud.  The defendant's income came

6    from the Bay Medical clinics.  The property was -- the mortgage

7    was paid off in June of 2010, right before she fled.  I don't

8    believe her mother moved into that property until after she had

9    fled; but that's neither here for there.

10          The government's position is that this is a forfeited

11   peats of property.  The plea agreement provides that it will be

12   forfeited; and, furthermore, the plea agreement provides that

13   she is not going to interject a claim to that property later.

14   So if she is not agreeing to that, he is not agreeing to the

15   plea agreement.

16          MR. ROSEN:  I'm not going to hold up the plea

17   agreement.  We will agree to it.

18          I just wanted to articulate, having lived through an

19   aged parent being in a place that she lives.

20          THE COURT:  Counsel, I'm not making the decision.

21          MR. ROSEN:  I know.  I will agree to it.

22          THE COURT:  But it's up to your client.

23          MR. ROSEN:  We will agree that that should be

24   included, even though it's heartless to agree.

25          THE COURT:  Ms. Shelikhova, you have heard what your

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

USA v. Shelikhova

1   lawyer has argued?

2        THE DEFENDANT:  Yes.

3        THE COURT:  The government doesn't agree to that.  The

4   government is insisting that that property, where apparently

5   where your mother lives, at 8686 Bay Parkway is subject to the

6   forfeiture; and you have signed that you agreed to that.  So I

7   just need to confirm that you do agree to that.

8        (Pause.)

9        THE COURT:  Ms. Shelikhova?

10        THE DEFENDANT:  Okay.  I agree.

11        THE COURT:  Now, is the defendant a citizen?

12        MS. JONES:  No, she is not.

13        MR. ROSEN:  No, your Honor.

14        THE COURT:  So this plea agreement doesn't identify

15   that she faces deportation.

16        MS. JONES:  Well, that is a mistake, your Honor.  That

17   should definitely be a collateral consequence of the plea is

18   that she --

19        MR. ROSEN:  Look at paragraph six.  I think it does,

20   judge, most respectfully.

21        THE COURT:  All right.

22        MR. ROSEN:  Page 6, paragraph six.

23        THE COURT:  I see.  Okay.

24        Ms. Shelikhova, I want to make sure you understand

25   that since you are not a citizen you face deportation as one of

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1   the consequences of your pleading guilty here today.

2          Do you understand that?

3          THE DEFENDANT:  I understand that I could be deported.

4   I understand.

5          THE COURT:  Also, I want you to understand that

6   deportation would not come until after you had served your

7   prison term, whatever that term may be.

8          Do you understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  There is also a maximum supervised release

11  term of three years, which would follow any term of

12  imprisonment; and if a condition of supervised release is

13  violated -- for example, if you were to commit another crime --

14  then you could be sentenced to up to two years without credit

15  for the time you had already been in prison and without credit

16  for the time that you had been on post-release supervision.

17         Do you understand all of that?

18         THE DEFENDANT:  Yes, I understand.

19         THE COURT:  Now, going through the forfeiture again,

20  the various sums that are subject and properties that are

21  subject to forfeiture are laid out in the plea agreement.

22         Did you review that with your attorney?

23         MR. ROSEN:  Yes.

24         THE COURT:  That goes from paragraph seven, eight,

25  nine, ten; and in the plea agreement you have stated that you

USA v. Shelikhova

1    agree that you will not challenge or make a claim to any of

2    these properties and that you will execute whatever documents

3    are necessary for the government to obtain these properties.

4            Do you understand that?

5            THE DEFENDANT:  Yes, I understand.

6            THE COURT:  And I also want to make sure you

7    understand that the restitution obligation and the forfeiture

8    obligation are separate, and you have obligated yourself in

9    this agreement to both.

10           Do you understand that?

11           THE DEFENDANT:  Yes, I understand that.

12           THE COURT:  Okay, and did you discuss the sentencing

13   guidelines with your attorney?

14           MR. ROSEN:  Can I interject for a second --

15           THE COURT:  Yes.

16           MR. ROSEN:  -- most respectfully?

17           THE COURT:  Yes.

18           MR. ROSEN:  I made it clear to Mrs. Shelikhova as well

19   as the government, I think it's reflected by not being included

20   in the agreement, that we do not agree with the guidelines.  We

21   have taken this plea to count four without an agreement as to

22   the accuracy or correctness of the government's estimated

23   guidelines range, and I have explained that in detail to

24   Mrs. Shelikhova.

25           THE COURT:  All right.  Is that correct,

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

USA v. Shelikhova

1    Ms. Shelikhova?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Okay, but just to make sure you

4    understand, the guidelines are something that the court, I,

5    have to consider at the time of sentence.  I'm not bound by

6    them, but I have to consider them.

7              Do you understand that?

8              THE DEFENDANT:  Yes, I understand that.

9              THE COURT:  And the government has taken a position as

10   to what they think the guidelines -- how they think they should

11   be calculated, and in this case they think that the guideline

12   range would be 235 to 240 months.  And, of course, 240 months

13   would be the 20 years, which is the maximum sentence in this

14   case.

15             Do you understand that?

16             THE DEFENDANT:  Yes, I understand that.

17             THE COURT:  And you and your attorney, as Mr. Rosen

18   just said, can argue that the guidelines should be lower; and

19   you can also, of course, argue that I should not follow the

20   guideline, that I should impose a sentence that's lower than

21   the guidelines.

22             Do you understand that?

23             THE DEFENDANT:  Yes, I understand.

24             THE COURT:  Also.  Ultimately, it's going to be my

25   decision what the sentence will be.  After I get a report from

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1   the Probation Department, I will hear from you, I will hear

2   from your attorney, I will hear from the government attorneys.

3          Do you understand that?

4          THE DEFENDANT:  Yes, I understand.

5          THE COURT:  Okay.  So just so you understand what goes

6   into these guidelines, I will be considering things such as

7   whether you have a prior criminal record, I will be considering

8   your role in this particular offense, I will be considering the

9   amount of money that the victim lost, and there may be a lot of

10  other things that I will consider that I haven't yet -- that I

11  don't even yet know about.

12         Do you understand that?

13         THE DEFENDANT:  Yes, I understand, and I truly really

14  hope for that.

15         THE COURT:  You truly really hope that what?

16         MR. ROSEN:  For that.

17         THE COURT:  I'm sorry.  I didn't hear that.

18         THE DEFENDANT:  That everything will be calculated

19  properly.

20         THE COURT:  I hope so as well.

21         Now, it's important that you understand that if you

22  are not satisfied with how it's calculate or if you are

23  otherwise disappointed with the sentence, it doesn't give you

24  permission to withdraw your guilty plea.  Once you plead

25  guilty, it's final.

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1                 Do you understand that?

2                 THE DEFENDANT:  Yes, I understand.  I was told about

3     that.  I already know about that.  I understand.

4                 THE COURT:  In addition, the plea agreement provides

5     that you have agreed not to file an appeal or otherwise

6     challenge by petition under 28 U.S. Code 2255 or any other

7     provision, the conviction or sentence that is imposed in the

8     event that you are sentenced to a term of imprisonment of 240

9     months or less.

10                Do you understand that?

11                THE DEFENDANT:  Yes, I do.

12                THE COURT:  Would you look at the back of the plea

13    agreement and tell me, is that your signature?

14                THE WITNESS:  Yes, it's my signature.

15                THE COURT:  All right.  Thank you.  Then we will mark

16    that as Court Exhibit 1, and I will ask the government to

17    provide me with a copy of that for our records.

18                (Court Exhibit 1 so marked.)

19                MS. JONES:  Your Honor, there is one additional

20    provision in the agreement in paragraph 15 in the healthcare

21    fraud cases that --

22                THE INTERPRETER:  I'm sorry.  I didn't hear a word.

23                MR. ROSEN:  I didn't hear.

24                MS. JONES:  There is paragraph 15, which has

25    provisions unique to the healthcare fraud cases that we handle,

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1    and we haven't gone over it.

2            THE COURT:  Okay.  Thank you.  Yes.

3            In paragraph 15 of the plea agreement it says that

4    you, the defendant, understand and acknowledges that as a

5    result of this plea the defendant will be excluded from

6    Medicare, Medicaid, and all federal healthcare programs, and

7    this has to do with your working at a clinic or doing anything

8    of that nature.  It doesn't mean that it affects any benefits

9    that you would be otherwise entitled to, if you are.  I don't

10   know if you are or would be.

11           Do understand that?

12           THE DEFENDANT:  I understand.

13           THE COURT:  All right.  So, now, I want to go over

14   with you the rights that you gave up when you plead guilty.

15   First of all, you have the right to plead not guilty.

16           Do you understand that?

17           THE DEFENDANT:  I understand.

18           THE COURT:  If you plead not guilty, you are entitled

19   to a speedy and public trial by a jury with the assistance of

20   an attorney, and if you can't afford an attorney then an

21   attorney will be appointed for you at no cost to you and will

22   represent you at the trial and at all other stages of the

23   proceedings.

24           Do you understand that?

25           THE DEFENDANT:  I understand.

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

USA v. Shelikhova

1        THE COURT:  At the trial you are presumed to be

2   innocent, and the government has to overtime that presumption

3   and prove you guilty beyond a reasonable doubt.

4        Do you understand that?

5        THE DEFENDANT:  Yes, I understand.

6        THE COURT:  At a trial, the witnesses for the

7   government have to come to court and testify in your presence;

8   and you have the right to have your lawyer cross examine them.

9        Do you understand that?

10       THE DEFENDANT:  Yes.

11       THE COURT:  You have the right to offer evidence on

12  your own behalf, and also if there was a witness who you

13  thought would testify in your favor and you wanted that witness

14  to come to court and testify, the court would order that person

15  to come to court and testify.

16       Do you understand that?

17       THE DEFENDANT:  Yes, I understand.

18       THE COURT:  At your trial you have the right to

19  testify yourself, if you choose to do so, but you can't be

20  required to testify because under the Constitution of the

21  United States you can't be compelled to incriminate yourself.

22       Do you understand that?

23       THE WITNESS:  Yes, I understand that.

24       THE COURT:  Now, if you plead guilty and I accept your

25  plea, you are giving up your constitutional right to a trial

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1    and to all of the other rights I have described for you.  There

2    will be no further trial of any kind.  I will simply enter a

3    sentence and a judgment of conviction.

4            Do you understand that?

5            THE DEFENDANT:  Yes, I understand.

6            THE COURT:  Are you ready to enter a plea as to count

7    four of the superseding indictment?

8            THE DEFENDANT:  Yes, I'm ready.

9            THE COURT:  What is your plea, guilty or not guilty?

10           THE DEFENDANT:  Guilty.

11           THE COURT:  Are you making the plea of guilty

12   voluntarily and of your own free will?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Has anyone threatened or forced you to

15   plead guilty?

16           THE DEFENDANT:  No.

17           THE COURT:  Other than the written agreement with the

18   government, has anyone made you any promise that caused you to

19   plead guilty?

20           THE DEFENDANT:  No.

21           THE COURT:  Has anyone made any promise to you as to

22   what your sentence will be?

23           THE DEFENDANT:  No.

24           THE COURT:  Did you commit this crime, the money

25   laundering conspiracy?

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1          THE DEFENDANT:  Yes.

2          THE COURT:  In your own words, describe what you did.

3          MR. ROSEN:  Judge, with your permission and because of

4   the language situation, the defense -- I have prepared an

5   allocution which tracked the indictment and the statute and

6   gave that to the official court interpreter to at least

7   initiate this allocution process.

8          So, with your permission, perhaps the interpreter can

9   read.

10          THE COURT:  Well, I'm not interested in your

11   allocution.  I'm interested in Ms. Shelikhova's allocution.

12   She is educated; she is intelligent.  I think she understands

13   what's going on here.

14          I need to hear it from her.

15          MR. ROSEN:  We have something that the interpreter has

16   gone over with her.  Whatever pleases your Honor.

17          THE COURT:  If she reads it and avows that it's her

18   own, that's fine, but I need to hear from the defendant.

19          THE DEFENDANT:  Do I have to say something, or I

20   agree?

21          THE COURT:  Yes.  You have to tell me what it is about

22   what you did that makes you conclude that you are in fact

23   guilty of this crime.  Give me the dates, tell me where, and

24   tell me what you did.

25          THE DEFENDANT:  From 2005 to 2010, July of 2010, I and

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1  others, together with others, agreed to --

2        THE COURT:  Let the interpreter.  I'm sorry.

3        THE DEFENDANT:  -- receive money from the medical

4  insurance.

5        THE COURT:  I'm sorry.  You agreed with others to?

6        THE DEFENDANT:  Receive the money from the medical

7  insurance.  We transferred that money to different accounts

8  with the purpose of receiving cash, and other -- and also other

9  suggestions had been conducted.  I personally was involved in

10  that together with others.

11        THE COURT:  And did you know the proceeds of the money

12  that you were laundering came from the healthcare fraud that's

13  charged in the indictment?

14        THE DEFENDANT:  Yes, I did.  I did.

15        THE COURT:  Where did this occur?

16        THE DEFENDANT:  I did not understand the question.

17        THE COURT:  I need to know:  Did this all happen in

18  Brooklyn or somewhere else?

19        THE DEFENDANT:  Yes, in Brooklyn.  In Brooklyn.

20        THE COURT:  All right.  Counsel, do you have any

21  additional questions?

22        MS. JONES:  Your Honor, the interstate commerce

23  element, I believe, is satisfied, by the fact that she was

24  writing checks that were deposited into a bank account that

25  were affected by interstate commerce.

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

USA v. Shelikhova

1        THE COURT:  Is there any doubt about that?

2        MR. ROSEN:  No.  I conceded.  I went over that, but I

3    forgot that element.

4        THE COURT:  All right.

5        MR. ROSEN:  But it certainly is not disputed.

6        MS. JONES:  And the purpose of these transactions was

7    to hide the fact that the cash was being generated to pay --

8    they were generating massive amounts of cash to pay kickbacks.

9        THE COURT:  Did you hear what Ms. Jones said,

10   Ms. Shelikhova, as to what the purpose of these various

11   transfers in money was?

12       THE DEFENDANT:  Yes, I have heard.  I have heard that,

13   but I was asked where it happened and --

14       THE COURT:  Yes, but now I want to know whether or not

15   what Ms. Jones said was correct.  So I would like to hear in

16   your own words:  What was the purposes of these various

17   transfers of money?  You said it was to receive cash.

18       THE WITNESS:  The purpose of the transfer was to

19   receive cash, and then that cash was taken and that cash was to

20   receive payments.

21       THE COURT:  Was that sufficient for this particular

22   charge?

23       MS. JONES:  The transactions were basically to conceal

24   the nature of the transactions.  The fact that they wanted to

25   hide that they were making these transactions and they would

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1   pay companies, shell companies, in return, pretending like they

2   were receiving services and instead were actually received cash

3   back.

4           THE COURT:  Well, again, I need to hear from Ms. -- do

5   we need that further?

6           MS. JONES:  I think the fact that she allocuted that

7   the transactions were basically to hide the fact that they were

8   getting cash kickbacks.

9           MR. ROSEN:  I don't dispute that.

10          THE COURT:  All right.  Do you still wish to plead

11  guilty?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And, Mr. Rosen, is there any reason I

14  shouldn't accept the plea?

15          MR. ROSEN:  No, your Honor.

16          THE COURT:  Any further questions from the government?

17          MS. JONES:  No, your Honor.

18          THE COURT:  All right.  Then I'm satisfied that the

19  defendant does understand the nature of the charge against her

20  and the consequences of her plea.  So I find that the plea is

21  made voluntarily and knowingly, and there is a factual basis

22  for it.

23          So I will accept the defendant's plea of guilty to

24  count four and direct that a presentence report be prepared by

25  the Probation Department, and I think we should set a date for

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter

USA v. Shelikhova

1    sentencing.

2            MR. ROSEN:  Could, your Honor, most respectfully,

3    indicate that I would like to be present for the interview?

4            THE COURT:  Yes.

5            MR. ROSEN:  Thanks very much.

6            THE CLERK:  Sentencing is scheduled for March 20.

7    It's a Wednesday at 2:30.

8            MR. ROSEN:  March 20.

9            THE COURT:  All right, counsel.  Thank you.

10           MR. ROSEN:  Thanks, judge.

11           (End of proceedings.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICHELE NARDONE, CSR, RPR, CRR – Official Court Reporter