FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 07 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IRINA SHELIKHOVA,

                        Petitioner,

- against -

UNITED STATES OF AMERCA,

                        Respondent.
-------------------------------------------------------x

**OPINION AND ORDER**
10-cr-771 (NG)
(16-cv-6861 (NG))

**GERSHON, United States District Judge:**

On December 18, 2012, petitioner, Irina Shelikhova, pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Her conviction and sentence were affirmed on May 26, 2015. *United States v. Khandrius*, 613 F. App'x 4, 9 (2d Cir. 2015). Petitioner now brings a 28 U.S.C. § 2255 motion challenging her plea and sentence. With respect to her plea, she claims that it was not knowing and voluntary, that it lacked an adequate factual basis, that she is actually innocent of the offense to which she pled, and that it is invalid because of her counsel's ineffectiveness. With respect to her sentence, petitioner claims that the court miscalculated her Guidelines sentence in a number of ways and that her counsel was ineffective in arguing her correct Guidelines sentence and in presenting mitigating information.

In addition to briefing from petitioner and the government, at my request, petitioner's trial counsel, Michael Rosen, Esq., submitted an affidavit responding to petitioner's claims of ineffective assistance of counsel. For the reasons stated below, petitioner's § 2255 motion is denied.

## BACKGROUND

On July 10, 2010, petitioner was indicted in connection with a scheme to defraud Medicare. After learning of her indictment, petitioner retained Mr. Rosen as her counsel and subsequently fled from the United States to Ukraine. Around the same time, her son, Maksim Shelikhov, also

flew to Ukraine. Later, he was indicted as well. On November 12, 2011, Mr. Shelikhov was arrested by Canadian authorities and transferred to American custody after attempting to enter Canada. The government offered Mr. Shelikhov a cooperation agreement if he convinced petitioner to return to the United States. Mr. Shelikhov, Mr. Shelikhov's counsel, and Mr. Rosen were all involved in the discussions with petitioner in which she decided to return to the United States to help her son secure a cooperation agreement. Petitioner returned to the United States on June 14, 2012 to surrender herself to law enforcement. Mr. Rosen coordinated her return and surrender with the government on her behalf. On November 8, 2013, Mr. Shelikhov pled guilty pursuant to a cooperation agreement with the government.

In a superseding indictment, petitioner was indicted on ten counts in connection with the scheme; indeed, she was charged with leading it. The government and petitioner reached a plea agreement that required petitioner to plead guilty to one count of conspiracy to commit money laundering, which carried a maximum sentence of 240 months. The agreement further required that petitioner waive her right to file an appeal or otherwise challenge, under § 2255 or any other provision, her conviction or any sentence imposed of 240 months or less. Petitioner entered her guilty plea pursuant to the agreement on December 18, 2012. Petitioner was subsequently sentenced to 180 months of incarceration, three years of supervised release, and restitution in the amount of $50,943,386.

At her plea hearing, petitioner stated under oath that she was satisfied with her attorney and that she had had enough time to discuss her case with him. She stated that she pled guilty voluntarily and of her own free will, that no one threatened or forced her to plead guilty, and that, other than her agreement with the government, no promises were made to her to cause her to plead guilty. She further stated that she understood that, as part of her plea agreement, she agreed not to

file an appeal or otherwise challenge her conviction or a sentence of 240 months or less. Petitioner was represented at the plea hearing by both Mr. Rosen and Robert Bondar, Esq. Mr. Bondar, who speaks Russian fluently, assisted Mr. Rosen in communicating with petitioner. A court-appointed Russian-language interpreter was also present to assist petitioner. And while Russian is her native language, petitioner also speaks some English.

On appeal, petitioner's counsel, Randolph Z. Volkell, Esq., submitted a brief pursuant to *Anders v. California*, 386 U.S. 736 (1967), after having concluded that there were no non-frivolous issues to be raised on appeal. *Khandrius*, 613 F. App'x at 9. In a *pro se* brief, petitioner challenged her conviction and sentence on some of the same grounds she now raises in her § 2255 motion, including that she was coerced into pleading guilty and that she did not plead knowingly and voluntarily. *Id.* The Second Circuit accepted appellate counsel's *Anders* brief and denied her appeal, finding that her guilty plea was valid and that her waiver of her appellate rights, including the right to challenge a term of imprisonment of 240 months or less, was knowing and voluntary. *Id.*

On this § 2255 motion, Mr. Rosen, in his affidavit, sets out the chronology of his representation of petitioner and responds to her allegations in detail. Over the course of six months, Mr. Rosen met with petitioner, where she was incarcerated and at court appearances, over a dozen times. At most of these meetings, Mr. Bondar or a Russian-language court interpreter was also present. Mr. Rosen states that Mr. Bondar assisted him in communicating with and representing petitioner throughout his representation of petitioner. Mr. Rosen further states that during his discussions with petitioner, "all aspects of the case were explored and explained to her." Rosen aff. ¶ 27. Finally, he also states that "[p]etitioner never stated that she wished to go to trial, but rather she wanted to plea[d] guilty because she was guilty." *Id.*

3

## DISCUSSION

A prisoner in custody serving a sentence for a federal offense may "move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that the sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). To be entitled to a hearing with respect to claims of ineffective assistance of counsel, petitioner "need establish only that [s]he has a plausible claim of ineffective assistance of counsel, not that [s]he will necessarily succeed on the claim." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir.2009) (internal quotation marks omitted). And, where, as here, a petitioner is appearing *pro se*, the court must construe her habeas petition liberally and interpret it to raise the strongest arguments that it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 84 (2007); *Green v. United States*, 260 F.3d 78, 83 (2d Cir.2001).

Although the court must "view[] the evidentiary proffers, where credible, and record in the light most favorable to the petitioner," the court "need not assume the credibility of factual assertions... where the assertions are contradicted by the record in the underlying proceeding." *Puglisi*, 586 F.3d at 214. Where "material facts are in dispute," the court should "usually" hold a hearing, and make relevant findings of fact. *Id.* However, "when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.* Instead, a district court may "'choose a middle road'" by soliciting affidavits to expand the record, if the judge determines that live testimony "would add little or nothing to the written affidavits." *Foster v United States*, 581 F. App'x 105, 106 (2d Cir. 2014)

(quoting *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)). The court may properly choose to credit trial counsel's sworn statements over a petitioner's "self-serving and improbable assertions" in dismissing the petition. *Chang*, 250 F.3d at 86 (holding that trial counsel did not err in crediting counsel's "eminently credible" and "detailed" affidavit over petitioner's assertions); *see also Foster*, 581 F. App'x at 106 ("[A]n affidavit from the petitioner's trial counsel credibly describing the circumstances concerning appellant's failure to testify… was sufficient to support dismissal of the petition."); *Padin v. United States*, 521 F. App'x 36, 38 (2d Cir. 2013) (internal quotation marks omitted).

### I. Petitioner's Appeal Waiver

An agreement not to appeal a plea or sentence is presumptively enforceable. *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). However, a habeas petitioner may challenge her plea in spite of such an agreement by challenging the process by which she waived her right to appeal, *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011), or by demonstrating that refusal to review her claim will result in a miscarriage of justice—namely, that she is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 314–316 (1995). A claim of actual innocence serves as a "gateway," permitting habeas review of other claims in spite of an appeal waiver agreement or a procedural bar that would otherwise preclude review. *See id.*; *see also Rivera v. United States*, 716 F.3d 685, 687 n.3 (2d Cir. 2013).

#### A. Petitioner's Claim that Her Plea Was Not Knowing and Voluntary

Petitioner claims that her plea was not knowing and voluntary and that it lacked an adequate factual basis. Claims that a plea was not knowing or voluntary and claims that a plea lacked an adequate factual basis challenge the process by which a plea is reached and, thus, are not barred by appeal waivers. *Riggi*, 649 F.3d at 147; *United States v. Williams*, 603 F. App'x 54, 56 (2d Cir.

2015). However, the Second Circuit already denied these claims on petitioner's direct appeal. *See Khandrius*, 613 F. App'x at 9. The Circuit held that her plea was made knowingly and voluntarily and that it was valid. *Id.* While the Circuit did not explicitly state that there was an adequate factual basis, a plea must have an adequate factual basis to be valid. *See United States v. Robinson*, 799 F.3d 196, 199 (2d Cir. 2015). Moreover, appellate counsel's *Anders* brief, which the Circuit accepted, did specifically address the plea's factual basis. The Circuit's prior resolution of these issues on petitioner's direct appeal is controlling here.

Petitioner further argues that her appeal waiver was not knowing or voluntary because her counsel was ineffective and because he coerced her into pleading guilty. Where a petitioner has waived her right to appeal, she may challenge her plea on ineffectiveness grounds by showing that, because her counsel's advice was constitutionally deficient, she did not knowingly and voluntarily enter into the agreement. *See Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008). To evaluate whether a guilty plea was not knowing or voluntary because of ineffectiveness of counsel, courts apply the test established in *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).

To succeed on a claim of ineffective assistance of counsel under *Strickland*, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that "the deficient performance prejudiced the defense." 466 U.S. at 688, 694. A court's review of counsel's performance must be "highly deferential," and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To show prejudice, a petitioner must establish that "there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, petitioner has failed to show that her counsel's representation was deficient. Petitioner's claim that Mr. Rosen did not communicate with her adequately or in a language she could understand and that he did not give her enough time to consider the agreement with the government is contradicted by her own sworn statements at the plea hearing before me that she was satisfied with her counsel and that she had enough time to discuss her case with him. *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) ("[A] district court [is] entitled to rely upon the defendant's sworn statements."); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Furthermore, Mr. Rosen credibly states in his affidavit that he met with petitioner over a dozen times over the course of six months, usually accompanied by a fluent Russian-speaker, and that he discussed all aspects of the case with her. In fact, Mr. Bondar, who Mr. Rosen enlisted to assist in petitioner's representation because of his fluency in Russian, appeared at petitioner's plea hearing together with Mr. Rosen.

Petitioner's claim that Mr. Rosen coerced her to plead guilty is similarly belied by her sworn statements to the contrary. She stated at the plea hearing that she pled guilty voluntarily and that no one threatened or forced her to plead guilty.

Petitioner also makes a number of allegations that Mr. Rosen had a secret agreement with the government and that his true interest was in assisting her son, at her expense. Petitioner does not offer any plausible basis for believing that Mr. Rosen had a secret agreement with the government. In any event, these self-serving and improbable allegations, uncorroborated by any evidence, are meritless. Petitioner willfully chose to return to the United States to assist her son to

7

n/a

secure a cooperation agreement following discussions between her and her son and their counsel. The discussions between Mr. Rosen and the government regarding petitioner's return to the United States were done on her behalf.

Finally, I note that I observed Mr. Rosen throughout his representation of petitioner. Mr. Rosen zealously advocated on behalf of his client throughout the proceedings. Obviously, I am not privy to private conversations between petitioner and her counsel, but insofar as Mr. Rosen describes events in open court, my records and recollection confirm the accuracy of his assertions. I have no reason to doubt the veracity of Mr. Rosen's affidavit or the competence of his representation.

Mr. Rosen was a highly experienced lawyer with a sterling reputation. To my knowledge, everything he did in this case was consistent with that reputation. He accomplished a great deal. Ms. Shelikhova was charged with being a leader of a massive ($77.4 million) fraud on Medicare and she also had been a fugitive. She pled guilty to a single count and received a below-Guidelines sentence. In sum, petitioner has failed to show a plausible claim that her plea was not knowing or voluntary.

### B. Petitioner's Claim of Actual Innocence

Petitioner also claims that she is actually innocent of the charge to which she pled guilty. To overcome an appeal waiver based on a claim of actual innocence, a petitioner must show that she is factually, as opposed to legally, innocent. *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013). Therefore, to challenge a conviction, whether at trial or by plea, on the grounds of actual innocence, a petitioner must "present new reliable evidence" and "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]." *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (internal quotation marks

omitted). The exception "does not apply where the petitioner merely makes a legal argument." *Darby*, 508 F. App'x at 71 (internal quotation marks and alterations omitted).

Here, petitioner does not present any new evidence or argue that she is factually innocent. Instead, she argues that her actions did not satisfy the necessary elements of money laundering based on case law defining money laundering existing at the time of her plea. Accordingly, petitioner fails to meet the standard for showing actual innocence. It should also be noted that petitioner swore under oath at her plea hearing that she did conspire to commit money laundering, and she described her involvement in the conspiracy.[1]

In sum, because petitioner cannot demonstrate that she is actually innocent, petitioner's agreement not to appeal or otherwise challenge her conviction or sentence is enforceable.

## II. Petitioner's Appeal Waiver Bars Consideration of Her Remaining Claims

Petitioner's remaining claims challenging her conviction, such as her ineffectiveness claim alleging that her counsel made no effort to negotiate her plea agreement, are barred by her appeal waiver.

Petitioner's claims challenging her sentence, including her ineffectiveness claims relating to her sentence, are similarly barred. Where a defendant enters into an enforceable agreement not to challenge her sentence, she cannot circumvent her agreement by dressing up her challenge as

---

[1] Neither the Supreme Court nor the Second Circuit has ruled on whether an actual innocence claim is cognizable as a substantive standalone claim on habeas review. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010). However, the Supreme Court has suggested that, if a substantive actual innocence claim were cognizable, it would "at least… require[] more convincing proof of innocence than" is required for a gateway innocence claim. *House v. Bell*, 547 U.S. 518, 555 (2006). Therefore, assuming, without deciding, that a substantive innocence claim is cognizable, to the extent petitioner asserts such a claim, it is without merit. Having failed to meet the lower standard of a gateway innocence claim, petitioner, *a fortiori*, cannot meet the higher standard that would be required for a substantive innocence claim.

an ineffectiveness claim. *See United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998); *United States v. Williams*, 448 F. App'x 156, 157 (2d Cir. 2012). Here, petitioner agreed not to challenge any sentence of 240 months or less and she received a sentence of 180 months. Therefore, she may not challenge her sentence directly or cloaked as an ineffectiveness claim.

In sum, petitioner's remaining claims are denied.

## CONCLUSION

For the foregoing reasons, Ms. Shelikhova's petition for a writ of habeas corpus is denied on the basis of the existing record, without the need for a further evidentiary hearing. Since petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* relief is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment for respondent.

SO ORDERED.

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

Dated: September 6, 2017
Brooklyn, New York

cc: Irina Shelikhova, 81448-053
FCI Tallahassee
Federal Correctional Institution
501 Capital Circle, NE
Tallahassee, FL 32301